# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CR-10-216-HE ) |
| ZACHARY WILLIAMS, MICHAEL A. FELS, SHARON L. DREW and HEALTH SOLUTIONS NETWORK, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Defendant Zachary C. Williams has filed a motion asking the court to reconsider its orders denying his motions to dismiss the indictment and a motion seeking the exclusion of a government expert witness. The reconsideration motion reurges defendant's positions regarding the applicability of the doctrine of tribal sovereign immunity and whether the drug Fioricet is a controlled substance. The court concludes the motions should be denied.

Defendant's current tribal immunity argument is based in part on two recent Tenth Circuit decisions, United States v. Langford, 641 F.3d 1195 (10th Cir. 2011) and Breakthrough Mgmt. Group, Inc. v. Chukchansi Gold Casino & Resort, 629 F.3d 1173 (10th Cir. 2010). Neither case affects the court's prior determination that the doctrine of tribal sovereign immunity does not prevent this prosecution.[1]

---

[1]*In a supplemental filing [Doc. #170] defendant Williams cites a recent district court decision, Chickasaw Nation v. NLRB, No. CIV-11-506-W (W.D.Okla. July 11, 2011)(order granting preliminary injunction), in support of his motion to dismiss. That case also is inapposite.*

Defendant Williams is not charged under any statute that is directed to Indian country, Indian tribes, or individual Indians or to situations or status unique to those circumstances. Rather, he is charged under various federal statutes of general applicability which, by their terms, apply to all persons coming within their scope. Specifically, the indictment charges a conspiracy (per 21 U.S.C. § 846) to distribute a controlled substance via the internet contrary to 18 U.S.C. § 841(h), a conspiracy (per 18 U.S.C. § 371) to distribute misbranded drugs contrary to 21 U.S.C. § 331, and various individual counts of illegal distribution of a controlled substance. Those statutes are silent regarding their application to Indians or tribal entities.

When a federal law of general applicability is silent on the issue of its applicability to an Indian tribe or to individual Indians, the law applies equally to Indians except where (1) the law touches "exclusive rights of self-governance in purely intramural-matters", (2) the application of the law to the tribe would "abrogate rights guaranteed by Indian treaties", or (3) there is proof "by legislative history or some other means that Congress intended [the law] not to apply to Indians on their reservations...." United States v. Fox, 573 F.3d 1050, 1052 (10th Cir. 2009), quoting Nero v. Cherokee Nation of Oklahoma, 892 F.2d 1457, 1462-63 (10th Cir. 1989), *cert. denied*, ___ U.S. ___ (2009). *See generally* United States. v. Bruce, 394 F.3d 1215, 1220 (9th Cir. 2005) (noting, when discussing federal criminal jurisdiction over Indians and Indian country, that it had previously "held that federal criminal laws of general, nationwide applicability-such as the federal conspiracy statute, 18 U.S.C. § 371-apply to Indians unless a treaty specifically exempts them."). Here, none of the

grounds for exception are present. The licensing or operation of an internet pharmacy is not a matter of internal self-governance. There is no suggestion that a treaty gives the Ponca Tribe the authority to operate an internet pharmacy outside the application of the general criminal laws. And no basis has been suggested for a conclusion that Congress did not intend for these statutes to apply to Indians or Indian tribes. Indeed, the various provisions of Title 21 plainly suggest the contrary. 21 U.S.C. § 841(h) prohibits the distribution of controlled substances "except as authorized by this subchapter...." The subchapter does not include anything that suggests a general exception for Indian tribes or their agents. The subchapter does, however, include 21 U.S.C. § 831, which sets additional requirements for online pharmacies. The definitions applicable to the subchapter contain an exception from the definition of "online pharmacy" for Indian tribes in certain limited circumstances — involving health care facilities operated by a Tribe or tribal organization pursuant to a particular act of Congress[2] — but no other. 21 U.S.C. § 802(52)(B)(iv). Plainly, Congress knew how to carve out an exception for matters related to Indian tribes when it wanted to, but it did not do so as to the circumstances embraced by the indictment in this case.

The cases Williams now relies on are not to the contrary. Langford involved a prosecution under the Assimilative Crimes Act, 18 U.S.C. § 13, as applied through the Indian Country Crimes Act, 18 U.S.C. § 1152. Langford, 641 F.3d at 1196. The latter act generally extends the laws of federal maritime and enclave jurisdiction to Indian country. Negonsott

---

[2]*The Indian Self-Determination and Education Assistance Act.*

v. Samuels, 507 U.S. 99, 102 (1993). The crimes charged in this case are not based on the "enclave" status of the place where committed or otherwise on the special maritime and territorial jurisdiction of the United States. Rather, they are based on alleged violations of the general criminal laws of the United States.[3] Langford therefore affords no basis for applying concepts of tribal sovereignty here. Breakthrough is even less applicable. It is a civil case and has nothing to do with the reach of federal criminal laws of general applicability. In short, neither case affords a basis for reversing the court's earlier determination that the doctrine of tribal sovereign immunity is inapplicable here.

Defendant Williams also asks the court to reconsider its determination that Fioricet, Soma and Tramadol are controlled substances. The court did not conclude that Soma and Tramadol are controlled substances. The government "has never maintained that [Soma and Tramadol] are controlled," government's response, p. 6, and the superseding indictment refers to both as "prescription drugs." The court did previously determine that Fioricet is a Schedule III controlled drug and, having carefully considered defendant's arguments and those of his codefendants, is not persuaded its initial determination was erroneous. The motion will be denied as to this issue.

Defendant Williams also has filed a Daubert motion seeking to exclude the testimony of a government expert witness, Steven A. Crawford, M.D. Defendant claims Dr.

---

[3]*See United States v. Blue, 722 F.2d 383, 384 (8th Cir. 1983) ("18 U.S.C. § 1952 and its exceptions do not extend or restrict the application of general federal criminal statutes to Indian reservations. The statute applies only to federal enclave laws and does not encompass federal laws that make actions criminal wherever committed.").*

4

Crawford's testimony should be excluded under Fed.R.Evid. 702 as being irrelevant, and under Rule 403 as being confusing and unfairly prejudicial.

As the government explains in its response brief, the physician's testimony is pertinent to the charged offenses as the validity of prescriptions filled by White Eagle will be an issue at trial. Defendant's concern that the doctor will confuse the jury or inflame juror passions by testifying about unrelated healthcare issues can be handled by an objection at trial to any testimony that is not germane to the issues to be decided.

Accordingly, defendant Williams' motion for reconsideration [Doc. #161] and Daubert motion to exclude [Doc. #162] are **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE